United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 6, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-50954
Summary Calendar
_____

JERRY WANZER,

Plaintiff-Appellant,

versus

ANGELITA PENA, Connally Unit, ET AL.,

Defendants,

ANGELITA PENA, Connally Unit; ADOLF THOMAS, Connally Unit; BRIAN
ADELMAN, Connally Unit; OSCAR MENDOZA, Connally Unit; BARBARA
TREVINO, Connally Unit; PAUL MORALES; KELLI WARD, Connally Unit;
MARTHA WEAR, Huntsville, Texas; STEVEN GREEN, Connally Unit;
DENNIS FENNER, Connally Unit; FRANCISCO MARTINEZ, JR., Connally
Unit; WILLIAM BATES, Connally Unit,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
(5:03-CV-487)
--------------------

Before SMITH, WIENER, AND OWEN, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Jerry Wanzer, Texas prisoner # 855976,

appeals the district court's judgment dismissing his 42 U.S.C.

§ 1983 suit, which was entered following a bench trial.  Wanzer

contends that the district court erred by crediting the testimony

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of one of the defendants and by finding that the form at issue in this suit was an identification form rather than a consent form. Wanzer has not shown that the district court erred in crediting the disputed testimony; neither has he shown that the district court's finding concerning the disputed form was reversibly erroneous. See Canal Barge Co., Inc. v. Torco Oil Co., 220 F.3d 370, 375 (5th Cir. 2000); Migis v. Pearle Vision, Inc., 135 F.3d 1041, 1052 (5th Cir. 1998).

Wanzer has likewise failed to show that the defendants retaliated against him for exercising his First Amendment rights by disciplining him for his refusal to sign the disputed form. It is unclear whether Wanzer's refusal to sign the form implicates his First Amendment rights. Even if we assume for purposes of this appeal, however, that Wanzer's refusal to sign was a valid exercise of his First Amendment rights, he is still not entitled to relief. Wanzer's refusal to sign the form adversely affected legitimate state interests. See LeClerc v. Webb, 419 F.3d 405, 420 (5th Cir. 2005); Hicks v. Garner, 69 F.3d 22, 25 (5th Cir. 1995). Consequently, the defendants did not act improperly in disciplining him for this refusal. See Jackson v. Cain, 864 F.2d 1235, 1248 (5th Cir. 1989). The judgment of the district court is AFFIRMED. All outstanding motions are DENIED.